## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Reshare Commerce, LLC,

        Plaintiff,

v.

Close to My Heart, Inc.; Gold Canyon International, LLC; Green Irene LLC; Nature's Sunshine Products, Inc.; Nikken, Inc.; Rodan & Fields, LLC; Scentsy Inc.; Shure Pets; Stampin' Up! Inc.; Stanley Home Products Inc.; Syntec Inc.; Tupperware U.S., Inc.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**
Civil No. 10-1936 ADM/JJG

———

Sharna A. Wahlgren, Esq., and Alan M. Anderson, Esq., Briggs & Morgan, PA, Minneapolis, MN; and Garret A. Leach, Esq., Russell E. Levine, Esq., and William Cory Spence, Esq., Kirkland & Ellis LLP, Chicago, IL on behalf of Plaintiff.

Felicia J. Boyd, Esq., Aaron A. Myers, Esq., and Adriana S. Luedke, Esq., Barnes & Thornburg LLP, Minneapolis, MN, on behalf of Defendants Green Irene LLC and Scentsy Inc.

———

## I. INTRODUCTION

On November 12, 2010, the undersigned United States District Judge heard oral argument on Plaintiff Reshare Commerce, LLC's ("Reshare") Motion for Default Judgment as to Defendant Shure Pets (the "Motion") [Docket No. 70]. Defendants Green Irene LLC ("Green Irene") and Scentsy Inc. ("Scentsy") opposed the motion. Defendants Close to My Heart, Inc., Nikken Inc., and Gold Canyon International, LLC (collectively with Green Irene and Scentsy, the "Answering Defendants") joined in that opposition. For the reasons set forth below, the Motion is granted.

**II. BACKGROUND**

Plaintiff Reshare, a "software and strategy" company, offers consulting and development services along with software. Compl. [Docket No. 1] 31-32. Reshare is the owner of U.S. Patent No. 6,594,641 [Docket No. 4] ("the '641 patent"). Compl. 36. The '641 patent covers a system that allows consumers to purchase products over the internet from suppliers that, in turn, share profits from the sale with local retailers. '641 patent at [57].

On April 30, 2010 Reshare commenced this action for patent infringement against several unrelated defendants, alleging each one infringed the '641 patent. On July 27, 2010, the Clerk of Court entered a default against Defendant Shure Pets. This Motion followed. The Answering Defendants oppose the Motion, arguing that granting default judgment against Shure Pets would create a threat of absurd and inconsistent results as the litigation against the remaining Defendants progresses. Reshare counters that the Answering Defendants do not have standing to challenge the Motion.

**III. DISCUSSION**

**A.  Motion for Default Judgment**

The Clerk of Court has entered a default against Shure Pets and, as a result, Rule 55 of the Federal Rules of Civil Procedure authorizes this court to issue a judgment against Shure Pets. Fed. R. Civ. P. 55(b)(2). "The Federal Rules of Civil Procedure commit the entry of a default judgment against a party to the sound discretion of the trial court." FTC v. Packers Brand Meats, Inc., 562 F.2d 9, 10 (8th Cir. 1977). Where multiple parties are co-defendants but less than all are in default, courts should refrain from issuing a default judgment that would create an "absurdity." Frow v. De La Vega, 82 U.S. 552, 554 (1872). The Frow rule is typically limited

to situations where the co-defendants are jointly and severally liable. McMillian/McMillian, Inc. v. Monticello Ins. Co., 116 F.3d 319, 321 (8th Cir. 1997). However, some courts have declined to issue a default where the liability of a non-defaulting party necessarily depends on the liability of the defaulting party. See Diarama Trading Co. v. J. Walter Thompson U.S.A., Inc., No. 01 Civ. 2950, 2002 WL 31545845, *4 (S.D.N.Y. Nov. 13, 2002) (refusing to enter default judgment where rights in trademark of appearing parties derived from rights of a defaulting defendant).

Here, no reason exists to deny default judgment. The Answering Defendants are not jointly or severally liable with Shure Pets. Further, their rights do not derive from Shure Pets' rights in any way. The Answering Defendants will suffer no prejudice from judgment against Shure Pets because no preclusive effect is given to a default judgment that does not reach the substantive merits of the case. See, e.g., Lee ex rel. Lee v. United States, 124 F.3d 1291, 1296 (Fed. Cir. 1997) ("[A] default judgment cannot serve to preclude the litigation of issues under the doctrine of collateral estoppel."). Finally, no absurdity will result. Any inconsistency between a default judgment and the ultimate outcome of this litigation is the necessary result of the patent process, where a patent is presumed valid until proven invalid by clear and convincing evidence. See Tech. Licensing Corp. v. Videotek, Inc., 545 F.3d 1316, 1327 (Fed. Cir. 2008) (noting that patent is valid until proven otherwise by clear and convincing evidence). Therefore, Reshare's Motion is granted.

**B.     Damages**

A judgment for patent infringement may include an injunction to prevent the violation of any right secured by a patent. 35 U.S.C. § 283. Damages "adequate" to compensate for the

3

infringement, but not less than a reasonable royalty, plus costs and interest may also be awarded upon a finding of infringement. 35 U.S.C. § 284. Reshare has offered evidence that a sum of $98,000 and a 2.5% royalty on future sales by Shure Pets would adequately compensate Reshare for Shure Pets' infringement. See generally Southam Decl. [Docket No. 73]. This sum is reasonable given the circumstances and will adequately compensate Reshare. Furthermore, an injunction preventing any future infringement is appropriate.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Reshare's Motion for Default Judgment as to Defendant Shure Pets [Docket No. 70] is **GRANTED**;

2. Shure Pets and its respective officers, agents, servants, employees, successors, and attorneys, and all persons having control over and acting in active concert and participation with it are hereby **RESTRAINED AND ENJOINED** from infringing U.S. Patent No. 6,594,641;

3. Reshare is awarded damages against Shure Pets in the amount of Ninety-Eight Thousand Dollars ($98,000.00) plus pre-judgment and post-judgment interest; and

4. Reshare is entitled to a 2.5% royalty on any further sales by Shure Pets that infringe the '641 patent.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: December 21, 2010.