IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
FOURTH DIVISION

Reshare Commerce, LLC,

       Plaintiff,

v.

Close To My Heart, Inc., et al.,

       Defendants.

Case No. 10-1936 (ADM/JJG)

**JOINT CLAIM
CONSTRUCTION STATEMENT AND
NOTICE REGARDING CLAIM
CONSTRUCTION HEARING**

Pursuant to the Court's October 21, 2010 Amended Pretrial Scheduling Order (at pp. 5-6), the parties submit their joint claim construction statement regarding claims 1 and 14 of U.S. Patent No. 6,594,641.  In addition, Reshare Commerce, LLC ("Reshare") and Defendants provide notice of their request that the Court schedule a claim construction hearing to determine claim interpretation, though the parties believe that such a hearing would likely be most efficiently conducted when combined with a hearing on summary judgment motions on infringement issues.

    **A.**    **The construction of those claim terms, phrases, or clauses on which the parties agree.**

The parties have not agreed on constructions of any specific terms in the '641 patent, but have agreed that most of the patent's terms can be applied according to their ordinary meaning and do not require a construction by the Court.

**B.      Each party's proposed construction of each disputed claim term, phrase, or clause together with an identification of all references from the specification or prosecution history that support that construction, and an identification of any extrinsic evidence known to the party on which it intends to rely either in support of its proposed construction of the claim or to oppose any other party's proposed construction of the claim, including, but not limited, as permitted by law, dictionary definitions, citation to learned treatises and prior art, and testimony of percipient and expert witnesses.**

Set forth below are (1) a table showing the disputed claim terms for the '641 patent and each party's proposed constructions of those terms, (2) Reshare's evidence in support of its proposed constructions, and (3) the defendants' evidence in support of their proposed constructions.

## 1.      DISPUTED TERMS AND PROPOSED CONSTRUCTIONS

| Disputed claim term | Reshare's proposed construction | Defendants' proposed construction |
|---|---|---|
| "lost profits"<br><br>(claims 1 and 14) | Preamble phrase that is not limiting and thus does not need construction.  If construction is necessary, "loss of advantageous gains or returns" | some or all of the amounts the third-party retailer would have received for the ordered product in excess of the product's cost to the third-party retailer |
| "central processing unit to determine the geographically closest third party retailer to the consumer address"<br><br>(claims 1 and 14) | "central processing unit to determine the third party retailer having the closest proximity to the consumer address" | central processing unit selects the third party retailer that is the geographically closest retailer to the consumer address |
| "computer program that determines the identity of the geographically closest third party retailer to the consumer address"<br><br>(claim 1) | "computer program that determines the third party retailer having the closest proximity to the consumer address" | computer program selects the third party retailer that is the geographically closest retailer to the consumer address |

| Disputed claim term | Reshare's proposed construction | Defendants' proposed construction |
|---|---|---|
| "selected third party retailer"<br><br>(claims 1 and 14) | "selected intermediary between a supplier and a consumer" | retailer such as a local boutique, salon, or specialty shop that is the geographically closest retailer to the consumer address as selected by the computer program (claim 1) or central processing unit (claim 14) |
| "remote device" (claim 1) | "remote device" | a remote device that a consumer uses to receive information from the CPU or to send information to the CPU |
| "remote input device" (claim 14) | "remote input device," or if construction is necessary, following the Defendants' proposal, "a remote device capable of sending information to the CPU" | a remote device that a consumer uses to receive information from the CPU or to send information to the CPU |
| "no participation in the transaction between the supplier and the consumer"<br>&<br>"entirely passive participant in the transaction between the supplier and the consumer"<br><br>(claims 1 and 14) | "no direct involvement in the transaction, *i.e.* is omitted from procurement, shipment or storage of the products being sold, between the supplier and the consumer" | two terms with the same meaning, each requiring that the retailer neither had knowledge of the transaction nor had any participation in or input into the transaction, being omitted from the offering, procurement, shipment, or storage of the products being sold |
| "credits an account of [or owned by] the selected third party retailer"<br><br>(claims 1 and 14) | "credits an account of [or owned by] the selected third party retailer" | performs an electronic or online transfer of some or all of the profits |

| Disputed claim term | Reshare's proposed construction | Defendants' proposed construction |
| --- | --- | --- |
| "geographically closest" (claims 1 and 14) | "having the closest proximity to a specific geographic identifier" | Defendants contend that this term can be applied according to its ordinary meaning and does not separately require construction by the Court.  In the event that the Court does choose to construe the term separately, Defendants submit that Plaintiff's proposed construction, relying on the added term "geographic identifier," imports a construction of a separate term, "consumer address." |
| "consumer address" (claims 1 and 14) | geographic identifier for a consumer, such as a mailing location, delivery location, or zip code | address identified by the consumer to which the ordered product(s) will be mailed or shipped |

## 2.     RESHARE'S EVIDENCE IN SUPPORT OF ITS PROPOSED CONSTRUCTIONS

### a.     "lost profits"  (claims 1 and 14)

Both the intrinsic evidence cited by the Defendants as well as the following extrinsic evidence support Reshare's position that "lost profits" has not been given, and does not require, any special construction and supports Reshare's proposed construction if construction is required:

*profit*:          "an advantageous gain or return."  (*Riverside Webster's II New College Dictionary* (1995))

*profit*:          "a valuable return." (*Merriam-Webster Online Dictionary* (2010))

**b.    "central processing unit to determine the geographically closest third party retailer to the consumer address" (claims 1 and 14)**

Reshare identifies the following intrinsic evidence as support for Reshare's

proposed construction for this term:

    Abstract
    Figure 3
    Col. 2:25-38
    Col. 3:3-4
    Col. 4:1-10
    Cols. 4:45-5:1
    Col. 6:1-19
    Claims 1, 12, 14

**c.    "computer program that determines the identity of the geographically closest third party retailer to the consumer address" (claim 1)**

Reshare identifies the following intrinsic evidence as support for Reshare's

proposed construction for this term:

    Abstract
    Figure 3
    Col. 2:25-38
    Col. 3:3-4
    Col. 4:1-10
    Cols. 4:45-5:1
    Col. 6:1-19
    Claims 1, 12, 14

**d.    "selected third party retailer" (claims 1 and 14)**

The intrinsic evidence cited by the Defendants as well as the following intrinsic

evidence support Reshare's proposed construction for this term:

Paper #7, Amendment Transmittal Letter, Response Under 37 CFR 1.111, August 8, 2002, at pp. 1-7 (Bates 00068-00074)

Reshare also identifies the following extrinsic evidence as support for Reshare's proposed construction for this term:

*select*:          "to pick out from among several; choose"  (*Riverside Webster's II New College Dictionary* (1995))

*selected*:        "singled out in preference; chosen"  (*Riverside Webster's II New College Dictionary* (1995))

### e.     "remote device"  (claim 1)

Both the evidence cited by the Defendants as well as the following intrinsic evidence support Reshare's position that "remote device" has not been given, and does not require, any special construction:

Col. 3:60-66

### f.     "remote input device"  (claim 14)

The evidence cited by the Defendants support Reshare's position that "remote input device" has not been given, and does not require, any special construction and supports Reshare's proposed construction if construction is required.

### g.     "no participation in the transaction between the supplier and the consumer"  (claim 1)  /  "entirely passive participant in the transaction between the supplier and the consumer"  (claim 14)

Both the intrinsic evidence cited by the Defendants as well as the following intrinsic evidence support Reshare's proposed construction for this term:

Paper #7, Amendment Transmittal Letter, Response Under 37 CFR 1.111, August 8, 2002, at pp. 7-12 (Bates 00074-00079)

      **h.**       **"credits an account of [or owned by] the selected third party retailer" (claims 1 and 14)**

The intrinsic evidence cited by the Defendants support Reshare's position that "credits an account of [or owned by] the selected third party retailer" has not been given, and does not require, any special construction.

      **i.**       **"geographically closest" (claims 1 and 14)**

Reshare identifies the following intrinsic evidence as support for Reshare's proposed construction for this term:

    Abstract
    Figure 3
    Col. 2:35-38
    Col. 3:3-4
    Col. 4:8-10
    Cols. 4:65-5:1
    Col. 6:1-19
    Claims 1, 14

Reshare also identifies the following extrinsic evidence as support for Reshare's proposed construction for this term:

    *geographic(al)*:     "of or relating to geography." (*American Heritage Dictionary of the English Language* (4th ed. 2000))

    *close*:     "being near in space or time." (*American Heritage Dictionary of the English Language* (4th ed. 2000))

### j. "consumer address" (claims 1 and 14)

Reshare identifies the following intrinsic evidence as support for Reshare's

proposed construction for this term:

> Abstract
> Figure 3
> Col. 2:35-38
> Col. 3:3-4
> Col. 4:8-10
> Cols. 4:65-5:1
> Col. 6:1-19
> Claims 1, 14

### 3. DEFENDANTS' EVIDENCE IN SUPPORT OF THEIR PROPOSED CONSTRUCTIONS

### a. "lost profits" (claims 1 and 14)

For the term "lost profits" in the '641 patent's claims 1 and 14, the defendants

identify the intrinsic record including the specification, claims, file history, and

considered references in the '641 patent, especially the following:

> Abstract
> Figure 2
> Figure 3
> Col. 1:7-14
> Col. 1:25-48
> Col. 1:53-60
> Col. 2:3-6
> Col. 2:7-11
> Col. 2:27-61
> Col. 3:1-4
> Col. 4:4-19
> Col. 4:60-5:3
> Col. 5:32-53
> Claims 1, 14, 16, and 20

Paper #7, Amendment Transmittal Letter, Response Under 37 CFR 1.111, August
    8, 2002, at pp. 7-9 (Bates 00074-00076)
Paper #9, Notice of Allowability, September 17, 2002, at p. 3 (Bates 00096)

The defendants also identify the following extrinsic evidence:

*profit*:          "The amount received for a commodity or service in excess
           of the original cost."  (*American Heritage Dictionary of the
           English Language* (4th ed. 2000))

*profit*:          "Acquisition beyond expenditure; excess of value received
           for producing, keeping, or selling, over cost; hence, pecuniary
           gain in any transaction or occupation; emolument; as, a profit
           on the sale of goods. *Let no man anticipate uncertain profits*."
           (*Webster's 1913 Dictionary* (1913))

        **b.**    **"central processing unit to determine the geographically
               closest third party retailer to the consumer address"
               (claims 1 and 14)**

For the phrase "central processing unit to determine the geographically closest

third party retailer to the consumer address" in the '641 patent's claims 1 and 14, the

defendants identify the intrinsic record including the specification, claims, file history,

and considered references in the '641 patent, especially the following:

Abstract
Figure 1
Figure 2
Figure 3
Col. 1:7-14
Col. 2:7-18
Col. 2:25-37
Col. 2:66-67
Col. 3:1-4
Col. 4:1-10
Col. 4:45-56
Col. 4:60-5:3
Col. 5:33-58

Col. 6:1-19
Claims 1, 12, 14, 16, and 20
Paper #3, Office Action, mailed April 9, 2002 (Bates 00045-00061)
Paper #5, Interview Summary, August 2, 2002 (Bates 00064)
Paper #7, Amendment Transmittal Letter, Response Under 37 CFR 1.111, August
    8, 2002 (Bates 00065-00086)

The defendants also identify the following extrinsic evidence:

| | |
|---|---|
| *geographic(al)*: | "Of or relating to geography."  (*American Heritage Dictionary of the English Language* (4th ed. 2000)) |
| *close*: | "Being near in space or time."  (*American Heritage Dictionary of the English Language* (4th ed. 2000)) |
| *determine:* | "To decide or settle (a dispute, for example) conclusively and authoritatively"  (*The American Heritage dictionary of the English language* (Houghton Mifflin 3rd ed. 1992)) |
| *determine:* | "To decide, establish, or ascertain definitely"  (*The American Heritage dictionary of the English language* (Houghton Mifflin 3rd ed. 1994)) |
| *determine:* | "to fix conclusively or authoritatively"  (*The Merriam-Webster dictionary* (Merriam-Webster New ed. 1994)) |
| *determine:* | "1 : to fix conclusively or authoritatively"  (*The Merriam-Webster dictionary* (Merriam-Webster 50th anniversary ed. 1997)) |
| *determine:* | "to settle or decide (a dispute, question, etc.) by an authoritative or conclusive decision"  (Stuart Berg Flexner, *The Random House dictionary of the English language* (Random House 2nd ed. 1987)) |
| *determine:* | "to settle or decide (a dispute, question, etc.) by an authoritative or conclusive decision"  (Stuart Berg Flexner & Leonore Crary Hauck, *Random House unabridged dictionary* (Random House 2nd ed. 1993)) |
| *determine:* | "to settle or decide (a dispute, question, etc.) by an authoritative or conclusive decision"  (*Random House Webster's college dictionary* (Random House 2nd ed. 1997)) |

| | |
|---|---|
| *determine:* | "To decide or settle (e.g., a dispute) authoritatively and conclusively"  (*Webster's II new college dictionary* (Houghton Mifflin Co. 1995)) |
| *determine:* | "to fix conclusively or authoritatively"  (*Merriam-Webster's collegiate dictionary* (Merriam-Webster 10th ed. 1993)) |

### c. "computer program that determines the identity of the geographically closest third party retailer to the consumer address" (claim 1)

For the phrase "computer program that determines the identity of the geographically closest third party retailer to the consumer address" in the '641 patent's claim 1, the defendants identify the intrinsic record including the specification, claims, file history, and considered references in the '641 patent, especially the following:

Abstract
Figure 2
Figure 3
Col. 1:7-14
Col. 2:7-18
Col. 2:25-37
Col. 3:1-4
Col. 4:1-10
Col. 4:45-56
Col. 4:60-5:3
Col. 5:33-58
Col. 6:1-19
Claims 1, 12, 14, 16, and 20
Paper #3, Office Action, mailed April 9, 2002 (Bates 00045-00061)
Paper #5, Interview Summary, August 2, 2002 (Bates 00064)
Paper #7, Amendment Transmittal Letter, Response Under 37 CFR 1.111, August 8, 2002, at pp. 2-4, 6, 14, 16, and 18 (Bates 00069-00071, 00073, 00081, 00083 and 00085)

The defendants also identify the following extrinsic evidence:

*geographic(al)*:        "Of or relating to geography." (*American Heritage Dictionary of the English Language* (4th ed. 2000))

*close*:        "Being near in space or time." (*American Heritage Dictionary of the English Language* (4th ed. 2000))

*determine:*        "To decide or settle (a dispute, for example) conclusively and authoritatively" (*The American Heritage dictionary of the English language* (Houghton Mifflin 3rd ed. 1992))

*determine:*        "To decide, establish, or ascertain definitely" (*The American Heritage dictionary of the English language* (Houghton Mifflin 3rd ed. 1994))

*determine:*        "to fix conclusively or authoritatively" (*The Merriam-Webster dictionary* (Merriam-Webster New ed. 1994))

*determine:*        "1 : to fix conclusively or authoritatively" (*The Merriam-Webster dictionary* (Merriam-Webster 50th anniversary ed. 1997))

*determine:*        "to settle or decide (a dispute, question, etc.) by an authoritative or conclusive decision" (Stuart Berg Flexner, *The Random House dictionary of the English language* (Random House 2nd ed. 1987))

*determine:*        "to settle or decide (a dispute, question, etc.) by an authoritative or conclusive decision" (Stuart Berg Flexner & Leonore Crary Hauck, *Random House unabridged dictionary* (Random House 2nd ed. 1993))

*determine:*        "to settle or decide (a dispute, question, etc.) by an authoritative or conclusive decision" (*Random House Webster's college dictionary* (Random House 2nd ed. 1997))

*determine:*        "To decide or settle (e.g., a dispute) authoritatively and conclusively" (*Webster's II new college dictionary* (Houghton Mifflin Co. 1995))

| | |
|---|---|
| *determine:* | "to fix conclusively or authoritatively"  (*Merriam-Webster's collegiate dictionary* (Merriam-Webster 10th ed. 1993)) |

### d.    "selected third party retailer"  (claims 1 and 14)

For the term "selected third party retailer" in the '641 patent's claims 1 and 14, the

defendants identify the intrinsic record including the specification, claims, file history,

and considered references in the '641 patent, especially the following:

Abstract
Figure 2
Figure 3
Col. 1:7-14
Col. 1:25-60
Col. 2:3-18
Col. 2:25-61
Col. 3:1-4
Col. 3:36-45
Col. 3:58-60
Col. 4:4-19
Col. 4:21-31
Col. 4:45-5:5
Col. 5:33-6:20
Claims 1, 12, 14, 16, and 20
Paper #3, Office Action, mailed April 9, 2002 (Bates 00045-00061)
Paper #5, Interview Summary, August 2, 2002 (Bates 00064)
Paper #7, Amendment Transmittal Letter, Response Under 37 CFR 1.111, August
     8, 2002, at pp. 2-6, 14, and 16-18 (Bates 00069-00073, 00081, and 00083-
     00085)
Paper #9, Notice of Allowability, September 17, 2002, at p. 3 (Bates 00096)
U.S. Patent No. 4,797,818 (Cotter) – Abstract, Col. 1:10-43, Col. 4:56-68, Col. 5-
     1-12, claims 1, 2, and 6
U.S. Patent No. 6,336,100 (Yamada) – Abstract, Figures 1, 2, and 3, Col. 1:22-31,
     Col. 2:34-49, Col. 3:6-12, Col. 3:13-31, Col. 4:23-59, Col. 5:7-29, claims
     1-2, 9-12
U.S. Patent No. 5,970,472 (Allsop) – Abstract, Figures 8 and 9, Col. 1:15-33, Col.
     3:31-36, Col. 7:24-40, Col. 8:32-65, Col. 9:34-67, Col. 10:1-15

The defendants also identify the following extrinsic evidence:

*third party*:　　　　　"a person other than the principals"  (*Merriam-Webster Online Dictionary* (2010))

### e.　"remote device"  (claim 1)

For the term "remote device" in the '641 patent's claim 1, the defendants identify the intrinsic record including the specification, claims, file history, and considered references in the '641 patent, especially the following:

Abstract
Figure 1
Figure 2
Figure 3
Col. 1:7-14
Col. 1:53-60
Col. 2:12-46
Col. 2:65-3:4
Col. 3:20-36
Col. 4:4-5:3
Col. 5:55-67
Col. 6:8-13
Claims 1, 2, 6-11, 14, 16, 20-21, and 27-31

The defendants also identify the following extrinsic evidence:

*remote*:　　　　　"Not in the immediate vicinity, as a computer or other device located in another place (room, building, or city) and accessible through some type of cable or communications link."  (*Microsoft Computer Dictionary* (4th ed. 1999))

*device*:　　　　　"A generic term for a computer subsystem.  Printers, serial ports, and disk drives are often referred to as devices; such subsystems frequently require their own controlling software, called device drivers."  (*Microsoft Computer Dictionary* (4th ed. 1999))

f.      **"remote input device"** **(claim 14)**

For the term "remote input device" in the '641 patent's claim 14, the defendants

identify the intrinsic record including the specification, claims, file history, and

considered references in the '641 patent, especially the following:

        Abstract
        Figure 1
        Figure 2
        Figure 3
        Col. 1:7-14
        Col. 1:53-60
        Col. 2:12-46
        Col. 2:65-3:4
        Col. 3:20-36
        Col. 4:4-5:3
        Col. 5:55-67
        Col. 6:8-13
        Claims 1, 2, 6-11, 14, 16, 20-21, and 27-31

The defendants also identify the following extrinsic evidence:

*remote*:           "Not in the immediate vicinity, as a computer or other device
                    located in another place (room, building, or city) and
                    accessible through some type of cable or communications
                    link."  (*Microsoft Computer Dictionary* (4th ed. 1999))

*input*:            "Information entered into a computer or program for
                    processing, as from a keyboard or from a file stored on a disk
                    drive."  (*Microsoft Computer Dictionary* (4th ed. 1999))

*device*:           "A generic term for a computer subsystem.  Printers, serial
                    ports, and disk drives are often referred to as devices; such
                    subsystems frequently require their own controlling software,
                    called device drivers."  (*Microsoft Computer Dictionary* (4th
                    ed. 1999))

**g.** **"no participation in the transaction between the supplier and the consumer" (claim 1) / "entirely passive participant in the transaction between the supplier and the consumer" (claim 14)**

For the terms "no participation in the transaction between the supplier and the consumer" (claim 1) and "entirely passive participant in the transaction between the supplier and the consumer" (claim 14), the defendants identify the intrinsic record including the specification, claims, file history, and considered references in the '641 patent, especially the following:

    Abstract
    Figure 2
    Figure 3
    Col. 1:7-14
    Col. 1:53-60
    Col. 1:66-2:6
    Col. 3:1-4
    Col. 3:37-44
    Col. 4:4-19
    Col. 4:60-5:3
    Col. 5:33-53
    Claim 1, 14, 16, and 20
    Paper #5, Interview Summary, August 2, 2002 (Bates 00064)
    Paper #7, Amendment Transmittal Letter, Response Under 37 CFR 1.111, August 8, 2002, at pp. 2-4, 6, 14, 16, and 18 (Bates 00069-00071, 00073, 00081, 00083 and 00085)
    Paper #9, Notice of Allowability, September 17, 2002, at p. 3 (Bates 00096)

The defendants also identify the following extrinsic evidence:

*passive*:            "1. not active or not participating perceptibly in an activity, organization, etc. 2. unresisting and receptive to external forces; submissive 3. not working or operating 4. affected or acted upon by an external object or force." (*Collins English Dictionary – Complete and Unabridged* (HarperCollins Publishers 1991, 1994, 1998, 2000, 2003))

16

*passive*:    "1. not reacting visibly to something that might be expected to produce manifestations of an emotion or feeling. 2. not participating readily or actively; inactive: a passive member of a committee. 3. not involving visible reaction or active participation: to play a passive role. 4. inert or quiescent. 5. influenced, acted upon, or affected by some external force, cause, or agency; being the object of action rather than causing action ( opposed to active). 6. receiving or characterized by the reception of impressions or influences from external sources. 7. produced or caused by an external agency. 8. receiving, enduring, or submitting without resistance: a passive hypnotic subject." (http://dictionary.reference.com/browse/passive)

*passive*:    "1. not actively taking part: tending not to participate actively, and usually letting others make decisions 2. obeying readily: tending to submit or obey without arguing or resisting 3. not operational: not working or operating 4. influenced by something external: influenced, affected, or produced by something external passive solar heat gain" (*http://encarta.msn.com/encnet/features/dictionary/Dictionar yResults.aspx?lextype=3&search=passive*)

*passive:*    "1. Receiving or subjected to an action without responding or initiating an action in return … 3. Not participating, acting, or operating; inert" (*The American Heritage dictionary of the English language* (Houghton Mifflin 3rd ed. 1992))

*passive:*    "1. Receiving or subjected to an action without acting in return … 3. Not participating, acting, or operating; inactive" (*The American Heritage dictionary of the English language* (Houghton Mifflin 3rd ed. 1994))

*passive:*    "1 : not active: acted upon" (*The Merriam-Webster dictionary* (Merriam-Webster 50th anniversary ed. 1997))

*passive:*    "2. not participating readily or actively; inactive" (Stuart Berg Flexner, *The Random House dictionary of the English language* (Random House 2nd ed. 1987))

*passive:*    "2. not participating readily or actively; inactive" (Stuart Berg Flexner & Leonore Crary Hauck, *Random House unabridged dictionary* (Random House 2nd ed. 1993))

*passive:*          "2. not participating readily or actively; inactive"  (*Random House Webster's college dictionary* (Random House 2nd ed. 1997))

*passive:*          "2. not participating readily or actively; inactive"  (*The American Heritage dictionary of the English language* (Houghton Mifflin 3rd ed. 1992))

*passive:*          "1. Receiving or subjected to an action without responding or initiating a corresponding action … 3. Not participating, acting, or operating; INERT"  (*Webster's II new college dictionary* (Houghton Mifflin Co. 1995))

*passive:*          "2 a : not active or operating : INERT"  (*Merriam-Webster's collegiate dictionary* (Merriam-Webster 10th ed. 1993))

*participant:*      "One that participates, shares, or takes part in something"  (*The American Heritage dictionary of the English language* (Houghton Mifflin 3rd ed. 1992))

*participation:*    "The act of taking part or sharing in something"  (*The American Heritage dictionary of the English language* (Houghton Mifflin 3rd ed. 1992))

*participate:*      "1. To take part in something … 2. To share in something"  (*The American Heritage dictionary of the English language* (Houghton Mifflin 3rd ed. 1992))

*participant:*      "1. a person or group that participates; partaker"  (Stuart Berg Flexner, *The Random House dictionary of the English language* (Random House 2nd ed. 1987))

*participation:*    "1. an act or instance of participating. 2. the fact of taking part, as in some action or attempt"  (Stuart Berg Flexner, *The Random House dictionary of the English language* (Random House 2nd ed. 1987))

*participate:*      "1. to take or have a part or share, as with others; partake; share"  (Stuart Berg Flexner, *The Random House dictionary of the English language* (Random House 2nd ed. 1987))

| | |
|---|---|
| *participant:* | "1. a person or group that participates; partaker" (Stuart Berg Flexner & Leonore Crary Hauck, *Random House unabridged dictionary* (Random House 2nd ed. 1993)) |
| *participation:* | "1. an act or instance of participating. 2. the fact of taking part, as in some action or attempt" (Stuart Berg Flexner & Leonore Crary Hauck, *Random House unabridged dictionary* (Random House 2nd ed. 1993)) |
| *participate:* | "1. to take or have a part or share, as with others; partake; share" (Stuart Berg Flexner & Leonore Crary Hauck, *Random House unabridged dictionary* (Random House 2nd ed. 1993)) |
| *participant:* | "One that participates or takes part in something" (*Webster's II new college dictionary* (Houghton Mifflin Co. 1995)) |
| *participation:* | "1. The act or fact of participating … 2. A taking part or sharing" (*Webster's II new college dictionary* (Houghton Mifflin Co. 1995)f) |
| *participate:* | "To join or share with others : take part" (*Webster's II new college dictionary* (Houghton Mifflin Co. 1995)) |
| *participant:* | "a person who participates or shares in something" (Victoria Neufeldt & David Bernard Guralnik, *Webster's New World dictionary of American English* (Prentice Hall 3rd college ed. 1994)) |
| *participate:* | "to have or take a part or share with others (in some activity, enterprise, etc.)" (Victoria Neufeldt & David Bernard Guralnik, *Webster's New World dictionary of American English* (Prentice Hall 3rd college ed. 1994)) |
| *participant:* | "one that participates" (*Merriam-Webster's collegiate dictionary* (Merriam-Webster 10th ed. 1993)) |
| *participation:* | "1 : the act of participating" (*Merriam-Webster's collegiate dictionary* (Merriam-Webster 10th ed. 1993)) |
| *participate:* | "2 a : to take part … b : to have a part or share in something" (*Merriam-Webster's collegiate dictionary* (Merriam-Webster 10th ed. 1993)) |

*transaction:*        "1. The act of transacting or the fact of being transacted. 2. Something transacted, especially a business agreement or exchange"  (*The American Heritage dictionary of the English language* (Houghton Mifflin 3rd ed. 1992))

*transact:*        "To do, carry on, or conduct"  (*The American Heritage dictionary of the English language* (Houghton Mifflin 3rd ed. 1992))

*transaction:*        "1. The act or process of transacting. 2. Something transacted"  (*The American Heritage dictionary of the English language* (Houghton Mifflin 3rd ed. 1994))

*transact:*        "To carry out or conduct (business or affairs)"  (*The American Heritage dictionary of the English language* (Houghton Mifflin 3rd ed. 1994))

*transaction:*        "1 : something transacted; *esp* : a business deal 2 : an act or process of transacting"  (*The Merriam-Webster dictionary* (Merriam-Webster New ed. 1994))

*transact:*        "CARRY OUT, PERFORM; *also* : CONDUCT"  (*The Merriam-Webster dictionary* (Merriam-Webster New ed. 1994))

*transaction:*        "1 : something transacted; *esp* : a business deal 2 : an act or process of transacting"  (*The Merriam-Webster dictionary* (Merriam-Webster 50th anniversary ed. 1997))

*transact:*        "CARRY OUT, PERFORM; *also* : CONDUCT"  (*The Merriam-Webster dictionary* (Merriam-Webster 50th anniversary ed. 1997))

*transaction:*        "1. the act of transacting or the fact of being transacted. 2. an instance or process of transacting something. 3. something that is transacted, esp. a business agreement"  (Stuart Berg Flexner, *The Random House dictionary of the English language* (Random House 2nd ed. 1987))

*transact:*        "1. To carry on or conduct (business, negotiations, activities, etc.) to a conclusion or settlement"  (Stuart Berg Flexner, *The*

*Random House dictionary of the English language* (Random House 2nd ed. 1987))

*transaction:*     "1. the act of transacting or the fact of being transacted. 2. an instance or process of transacting something. 3. something that is transacted, esp. a business agreement" (Stuart Berg Flexner & Leonore Crary Hauck, *Random House unabridged dictionary* (Random House 2nd ed. 1993))

*transact:*     "1. to carry on or conduct (business, negotiations, activities, etc.) to a conclusion or settlement" (Stuart Berg Flexner & Leonore Crary Hauck, *Random House unabridged dictionary* (Random House 2nd ed. 1993))

*transaction:*     "1. the act or process of transacting; the fact of being transacted. 2. something that is transacted, esp. a business agreement" (*Random House Webster's college dictionary* (Random House 2nd ed. 1997))

*transact:*     "1. to carry on or conduct (business, negotiations, etc.) to a conclusion or settlement" (*Random House Webster's college dictionary* (Random House 2nd ed. 1997))

*transaction:*     "1. the act of transacting or the fact of being transacted. 2. Something transacted" (*Webster's II new college dictionary* (Houghton Mifflin Co. 1995))

*transact:*     "To do, perform, carry out, manage, or conduct (e.g., business)" (*Webster's II new college dictionary* (Houghton Mifflin Co. 1995))

*transaction:*     "1. a transacting or being transacted 2. Something transacted; specif., *a)* a business deal or agreement" (Victoria Neufeldt & David Bernard Guralnik, *Webster's New World dictionary of American English* (Prentice Hall 3rd college ed. 1994))

*transact:*     "to carry on, perform, conduct, or complete (business, etc.)" (Victoria Neufeldt & David Bernard Guralnik, *Webster's New World dictionary of American English* (Prentice Hall 3rd college ed. 1994))

*transaction:*     "1 a : something transacted; *esp* : an exchange or transfer of goods, services, or funds … 2 a : an act, process, or instance

of transacting"  (*Merriam-Webster's collegiate dictionary* (Merriam-Webster 10th ed. 1993))

*transact:*               "1 : to carry to completion"  (*Merriam-Webster's collegiate dictionary* (Merriam-Webster 10th ed. 1993))

### h.     "credits an account of [or owned by] the selected third party retailer"  (claims 1 and 14)

For the term "credits an account of [or owned by] the selected third party retailer" in the '641 patent's claims 1 and 14, the defendants identify the intrinsic record including the specification, claims, file history, and considered references in the '641 patent, especially the following:

> Abstract
> Figure 2
> Figure 3
> Col. 1:7-14
> Col. 1:53-60
> Col. 2:3-11
> Col. 2:27-61
> Col. 3:1-4
> Col. 4:4-19
> Col. 4:60-5:3
> Col. 5:33-53
> Claims 1, 14, 16, and 20
> Paper #7, Amendment Transmittal Letter, Response Under 37 CFR 1.111, August 8, 2002, at pp. 2-9, 14, and 16-18 (Bates 00069-00075, 00081, and 00083-00085)
> Paper #9, Notice of Allowability, September 17, 2002, at p. 3 (Bates 00096)

The defendants also identify the following extrinsic evidence:

*own:*                    "1.a. To have or possess as property … b. To have control over"  (*The American Heritage dictionary of the English language* (Houghton Mifflin 3rd ed. 1992))

*own:*                    "1. To have or possess"  (*The American Heritage dictionary of the English language* (Houghton Mifflin 3rd ed. 1994))

| | |
|---|---|
| *own:* | "1 : to have or hold as property"  (*The Merriam-Webster dictionary* (Merriam-Webster New ed. 1994)) |
| *own:* | "1 : to have or hold as property"  (*The Merriam-Webster dictionary* (Merriam-Webster 50th anniversary ed. 1997)) |
| *own:* | "8. to have or hold as one's own; possess"  (Stuart Berg Flexner, *The Random House dictionary of the English language* (Random House 2nd ed. 1987)) |
| *own:* | "8. to have or hold as one's own; possess"  (Stuart Berg Flexner & Leonore Crary Hauck, *Random House unabridged dictionary* (Random House 2nd ed. 1993)) |
| *own:* | "4. to have or hold as one's own; possess"  (*Random House Webster's college dictionary* (Random House 2nd ed. 1997)) |
| *own:* | "1. To have or possess"  (*Webster's II new college dictionary* (Houghton Mifflin Co. 1995)) |
| *own:* | "1 to possess; hold as personal property; have"  (Victoria Neufeldt & David Bernard Guralnik, *Webster's New World dictionary of American English* (Prentice Hall 3rd college ed. 1994)) |
| *own:* | "1 a : to have or hold as property : POSSESS b : to have power over : CONTROL"  (*Merriam-Webster's collegiate dictionary* (Merriam-Webster 10th ed. 1993)) |

### i.    "geographically closest"  (claims 1 and 14)

For the term "geographically closest" in the '641 patent's claims 1 and 14, the

defendants identify the material cited above in sections 2.b and 2.c and the intrinsic

record including the specification, claims, file history, and considered references in the

'641 patent, especially the following:

Abstract
Col. 2:35-37

### j.     "consumer address"  (claims 1 and 14)

For the term "consumer address" in the '641 patent's claims 1 and 14, the

defendants identify the intrinsic record including the specification, claims, file history,

and considered references in the '641 patent, especially the following:

> Abstract
> Figure 1
> Figure 2
> Figure 3
> Col. 1:7-14
> Col. 1:53-60
> Col. 2:7-11
> Col. 2:27-37
> Col. 2:47-61
> Col. 2:66-3: 4
> Col. 3:37-39
> Col. 3:56-4:10
> Col. 4:45-50
> Col. 4:60-5:3
> Col. 5:22-53
> Col. 6:8-13
> Claims 1, 12, 14, 16, and 20
> Paper #7, Amendment Transmittal Letter, Response Under 37 CFR 1.111, August
>     8, 2002, at pp. 7-9 and 12 (Bates 00074-00076 and 00079)

**C.**     **Whether any party proposes to call one or more witnesses, including experts at the Claim Construction hearing, the identity of each such witness and for each expert, a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that expert.**

Neither party intends to call witnesses at the claim construction hearing.


Dated:   February 25, 2011.


s/ Sharna A. Wahlgren
Sharna A. Wahlgren, Reg. No. 241581
BRIGGS AND MORGAN, P.A.
2200 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
swahlgren@briggs.com
Telephone:  (612) 977-8400
Facsimile:  (612) 977-8650

Russell E. Levine, P.C.
Garret A. Leach
William Cory Spence
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL  60654
russell.levine@kirkland.com
garret.leach@kirkland.com
cory.spence@kirkland.com
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200

*Attorneys for Plaintiff*
*Reshare Commerce, LLC*

s/ Peter M. Lancaster
Peter M. Lancaster, Reg. No. 159840
DORSEY & WHITNEY LLP
Suite 1500, 50 South Sixth Street
Minneapolis, MN  55402
Lancaster.peter@dorsey.com
Telephone:  (612) 340-2600
Facsimile:  (612) 340-2868

*Attorney for Defendant*
*Nature's Sunshine Products, Inc.*


s/ Robert J. Gilbertson
Robert J. Gilbertson, Reg. No. 22361X
John W. Ursu, Reg. No. 032257X
GREENE ESPEL PLLP
200 South Sixth Street, Suite 1200
Minneapolis, MN  55402
BGilbertson@GreeneEspel.com
JUrsu@GreeneEspel.com
Telephone:  (612) 373-0830
Facsimile:  (612) 373-0929

*Attorneys for Defendant*
*Close To My Heart, Inc.*

s/ Aaron A. Myers
Felicia J. Boyd, Reg. No. 186168
Aaron A. Myers, Reg. No. 311959
BARNES & THORNBURG LLP
225 South Sixth Street, Suite 2800
Minneapolis, MN  55402
Felicia.boyd@btlaw.com
Aaron.Myers@btlaw.com
Telephone:  (612) 367-8729
Facsimile: (612) 333-6798

*Attorneys for Defendants Greene Irene LLC and  Scentsy, Inc.*


s/ Michael R. Quinlivan
Michael R. Quinlivan, Reg. No. 152808
CRONAN PEARSON QUINLIVAN P.A.
1201 Marquette Ave., Suite 110
Minneapolis, MN  55403
Michael.quinlivan@cpqlaw.com
Telephone:  (612) 332-1300 Ext. 105
Facsimile:  (612) 332-3229

*Attorney for Defendant Syntec*